## LOUISIANA *v.* TAYLOR.

1. The court again decides that section fourteen of the eleventh article of the Constitution of Missouri of 1865 (*infra*, p. 456) did not withdraw or curtail any authority which a municipal corporation then possessed to subscribe for stock in, or loan its credit to, a railroad company.

2. The charter of the Louisiana and Missouri River Railroad Company, granted by the act of the General Assembly of Missouri, approved March 10, 1859, conferred upon the city of Louisiana power to subscribe to the stock of that company. By its act of incorporation, passed June 12, 1866, the city was authorized to pay for its subscription by the issue of bonds, if the ordinance providing therefor was approved by a majority of the votes cast at any general election held in the city, or at one expressly ordered for the purpose.

3. The power thus conferred was not affected by the general railroad law of 1866.

ERROR to the Circuit Court of the United States for the Eastern District of Missouri.

The facts are stated in the opinion of the court.

*Mr. James O. Broadhead* and *Mr. David P. Dyer* for the plaintiff in error.

*Mr. Clinton Rowell* and *Mr. Thomas K. Skinker* for the defendant in error.

MR. JUSTICE MATTHEWS delivered the opinion of the court.

Taylor, a citizen of Illinois, brought this action against the city of Louisiana, a municipal corporation of Missouri, to recover the amount alleged to be due upon certain bonds and coupons issued by the latter in payment of a subscription to the capital stock of the Louisiana and Missouri River Railroad Company, a corporation authorized by law to construct, and which has constructed in pursuance thereof, a railroad from the city of Louisiana to the Missouri River. The bonds sued on were dated, some in September, others in October and in November, 1869. They matured on Jan. 1, 1876, 1877, and 1878, and, together with the coupons, falling due since January, 1876, remain unpaid. All coupons maturing previously, together with the principal of a portion of the whole issue of bonds, had been paid by taxes regularly levied and collected by the proper authorities of the city, from the year 1867 to 1876.

Certificates of the stock in the railroad company were issued in pursuance of the subscription, and were accepted by the city, which has ever since exercised its rights as a stockholder.

The defence was that the bonds were void for want of power in the municipal corporation to issue them.

There was a judgment in favor of the plaintiff below, to reverse which this writ of error is prosecuted.

Each of the bonds sued on contains a recital that it "is issued by the city of Louisiana under authority of the General Assembly of the State of Missouri, entitled 'An Act incorporating the Louisiana and Missouri River Railroad Company,' approved March 10, 1859; also an ordinance of the city council of the city of Louisiana, No. 502, passed June 12, 1866."

The reference to the railroad charter is to the twenty-ninth section of the act of incorporation, which reads as follows:—

"Sect. 29. It shall be lawful for the county court of any county in which any part of the route of said railroad may be, to subscribe to the stock of said company, and it may invest its funds in stock of said company and issue the bonds of such county to raise funds to pay the stock thus subscribed, and to take proper steps to protect the interest and credit of the county. Such county court may appoint an agent to represent the county, vote for it, and receive its dividends; and any city, town, or incorporated company may subscribe to the stock of said railroad company and appoint an agent to represent its interests, give its vote, and receive its dividends, and may take proper steps to guard and protect the interests of said city, town, or incorporation."

The tenth section of the act incorporating the city of Louisiana, passed Feb. 16, 1865, was as follows:—

"The city shall have power to subscribe for stock in any incorporative railway company connecting with the city of Louisiana, or give any bonus to any institution of learning, by submitting an ordinance making the appropriation, or authorizing the issue of bonds for any such purpose, to a vote of the qualified voters of the city, at any general election held in the city, or at any special election expressly ordered, at which election the majority of the votes cast shall be for such ordinance: _Provided_, the debt of the city shall never exceed one hundred and fifty thousand dollars."

In pursuance of this provision of the city charter, the city council, on June 12, 1866, passed ordinance No. 502, recited in the bonds in suit, providing for an election to be held on the first Tuesday in July, 1866, on the proposition to subscribe for stock in the Louisiana and Missouri River Railway Company for an amount not exceeding $50,000.

The election provided for by this ordinance was in fact held, the result of which was, that 176 votes were cast in favor of the proposition and 46 against it.

Thereupon, the city council passed an ordinance authorizing the subscription of $50,000 to the capital stock of the railway company, and the issue of bonds for the payment of the same. The subscription was made and the bonds were delivered.

The Constitution of Missouri that went into operation July 4, 1865, sect. 14 of art. 11, contains the following provision: "The General Assembly shall not authorize any county, city, or town to become a stockholder in, or to loan its credit to, any company, association, or corporation, unless two-thirds of the qualified voters of such county, city, or town, at a regular or special election to be held therein, shall assent thereto."

Section 3 of article 2 is as follows: "All statute laws of this State now in force, not inconsistent with this Constitution, shall continue in force until they shall expire by their own limitation, or be amended or repealed by the General Assembly."

At its first session after the adoption of this Constitution, the General Assembly of Missouri passed a general railroad law (Rev. Stat. Missouri, 1865, p. 372), which it is claimed went into effect March 19, 1866, and which contained the provision following, to wit: "It shall be lawful for the county court of any county, the city council of any city, or the trustees of any incorporated town to take stock for such city, county, or town, in, or to loan the credit thereof to, any railroad company duly organized under this or any law of this State: *Provided*, that two-thirds of the qualified voters of such county, city, or town, at a regular or special election to be held therein, shall assent to such subscription."

At the same session of the legislature, it was also enacted

(Rev. Laws of Missouri, c. 224, sect. 6, p. 882) that " all acts and parts of acts of a private, local, or temporary nature, or specifically applicable to particular cities or counties, in force on the first day of November, A. D. 1865, not repealed by or repugnant to the provisions of the General Statutes or some act of the present General Assembly, shall continue in force or expire, according to their respective provisions or limitations."

These are all the statutory provisions, supposed by counsel for the respective parties to have any material bearing upon the question at issue.

The power to subscribe to the capital stock of the railroad company is expressly given to the city of Louisiana by the twenty-ninth section of the charter of the former. Whether that grant of power carries with it the incidental authority to pay its subscription by an issue of bonds, or whether, upon a fair construction of the terms of that section, the exercise of such an authority is within the meaning of the law, it is not necessary for us to discuss or decide; for whatever might be a proper construction of the section, if it stood by itself, we think it must, at the time when the bonds in suit were issued, be interpreted in connection with the tenth section of the city charter, which had in the mean time been enacted. That section, in explicit terms, recognized and thereby conferred upon the city, the power to issue bonds in payment of its subscription to the stock of any railway company connecting with it, upon condition, however, of the approval of the ordinance authorizing the issue, by a majority of the votes cast at an election held for that purpose; and we think that limitation must be taken, thereafter, as imposed upon the power granted to the city in the railway charter. Such was, in fact, the construction put by the city upon its own powers, for the bonds in suit purport to be issued in pursuance of authority conferred by a majority of the votes cast at such an election, approving the ordinance passed to that end.

The ordinance submitted to the vote of the electors at that election, authorizing the issue of the bonds, was, we think, in all respects in conformity with the law, and sufficient. But it is contended by the plaintiff in error that the provision of the city charter, in accordance with which it was passed, had

been repealed before the vote was taken, and the subscription made.

It has been repeatedly held by the Supreme Court of Missouri, in decisions approved and followed uniformly by this court, that such repeal is not the direct and immediate result of the Constitution itself; that, on the contrary, the prohibition contained in that instrument is a limitation merely upon the power of the legislature for the future, so that it should not thereafter grant to municipal corporations authority to become stockholders in companies except upon the terms expressly mentioned, and that all previous grants of such authority remain in their original force until duly revoked, unaffected by the constitutional provision. *County of Callaway* v. *Foster*, 93 U. S. 567; *County of Scotland* v. *Thomas*, 94 id. 682; *County of Henry* v. *Nicolay*, 95 id. 619; *County of Ray* v. *Vansycle*, 96 id. 675; *County of Schuyler* v. *Thomas*, 98 id. 169; *County of Cass* v. *Gillett*, 100 id. 585.

It is argued, however, that the repeal of the provision in question was effected by the seventeenth section of the general railroad law, which it is claimed took effect March 19, 1866, before the passage of the ordinance No. 502, June 12, 1866.

But this position, in our opinion, is also untenable. The act in question is an enabling statute, passed in execution of the powers authorized by the Constitution, then recently adopted. It was general in its provisions, conferring power upon any county, city, or town to take stock in, or to loan its credit to, any railroad company, duly organized under any law of the State, upon the assent of two-thirds of the qualified voters thereof. It does not revoke any previous grants of similar authority. It repeals no existing provisions of law. It contains no words of prohibition. The sixth section of chapter 22 of the same session, " of the general statutes and their effect," &c. (Rev. Stat. Mo. 882); expressly continues in force " all acts and parts of acts of a private, local, or temporary nature, or specifically applicable to particular cities or counties, in force on the first day of November, A. D. 1865, not repealed by or repugnant to the provisions of the General Statutes or some act of the present General Assembly," until they expire, according to their respective provisions or limitations. There

is no repugnancy between the tenth section of the charter of the city of Louisiana and the seventeenth section of the general railroad law. One is a definite, express, and special provision, in reference to such railways only as connect with the city; the other has relation to possible proposals for subscription to the stock of any railroad company, whether its railroad connected with the city or not. The subjects of the two statutes are not the same; and there is no such inconsistency between them as that both may not stand and operate. It would not be legitimate to construe the seventeenth section of the general railroad act as if it forbade everything it did not authorize; and it is only by such a construction that the repugnancy with the tenth section of the charter of the city can be made to arise.

The very question mooted here was decided by the Supreme Court of Missouri at the October Term, 1867, in the case of the *State, ex rel., &c.,* v. *Macon County Court,* 41 Mo. 453. It was there said by the court: " There is no such inconsistency between the acts that they may not both stand and be carried into operation. A general prohibition against subscribing for stock in any corporation may well subsist with a permission to subscribe for stock in a particular corporation. Besides, the seventeenth section of the general railroad law, with which the enabling act is supposed to conflict, uses no negative words. It uses words to express and permit future acts, and there is nothing to show that it intended to operate on existing or past laws even by implication. It was framed after the Constitution was adopted, and the conclusion is undeniable that it was intended simply to make the law conform to and carry out the fourteenth section of the eleventh article of that instrument."

This decision is upon the very point, and is a judgment of the Supreme Court of the State in a case which, in its circumstances, we find it impossible to distinguish from the present. Its authority was confirmed by the same court in *Smith* v. *County of Clark,* 54 id. 58.

This view of the case disposes of all objections to the judgment of the Circuit Court. It is accordingly

*Affirmed.*