## GREEN COUNTY *v.* CONNESS.

IN ERROR. TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE EASTERN DIVISION OF THE WESTERN DISTRICT OF MISSOURI.

Submitted October 9th, 1883.—Decided October 29th, 1883.

*Franchises—Municipal Bonds—Municipal Corporation—Railroads.*

1. The court adheres to its former rulings in regard to the liability of municipal corporations to innocent holders of the bonds of such corporations, issued in aid of railroads. *Douglas* v. *Pike County,* 101 U. S. 677.
2. The rights of such holders are to be determined by the law as it was judicially construed to be when the bonds were put on the market as commercial paper.
3. A consolidation of two railroad corporations merges the franchises and privileges of each in the new company, so that they continue to exist in respect to the roads thus consolidated.

Suit to recover coupons due on bonds issued by the county in payment of a subscription made by virtue of the laws of the State of Missouri, to aid in the construction of a railroad that became consolidated with the Hannibal and St. Joseph Railroad. The authority to lend the aid was obtained before the consolidation, and was exercised after it. The defendant in error was the owner and holder for value of some of the bonds before maturity. Judgment against the county in the court below. Error to reverse that judgment.

The case was submitted by *Mr. P. T. Simmons, Mr. Charles W. Thrasher,* and *Mr. Henry C. Young,* on behalf of the plaintiff in error, and by *Mr. James S. Bottsford, Mr. Marcus T. C. Williams,* and *Mr. Robert G. Ingersoll,* on behalf of the defendant in error.

MR. JUSTICE BRADLEY delivered the opinion of the court.

Nearly every point in this case has already been decided by this court in the cases of *County of Callaway* v. *Foster,* 93 U. S. 567; *County of Scotland* v. *Thomas,* 94 U. S. 682; *County of Henry* v. *Nicolay,* 95 U. S. 619; *County of Schuyler* v. *Thomas,* 98 U. S. 169; *County of Cass* v. *Gillett,* 100 U. S. 585; *Louisana (City)* v. *Taylor,* 105 U. S. 454; and *County of Ralls* v. *Douglass,* 105 U. S. 728. In the case last cited we

referred to the previous cases, and to the cases in Missouri which they followed, and said :

"Such being the condition of the law on this subject down to April, 1878, we do not feel inclined to reconsider our former rulings, and follow the later decisions of the Supreme Court of the State in *State* v. *Garroutte*, 67 Mo. 445, and *State* v. *Dallas County*, 72 Mo. 329, where this whole line of cases was substantially overruled. The bonds involved in this suit were all in the hands of innocent holders when the law of the State was so materially altered by its courts. In our opinion the rights of the parties to this suit are to be determined by the 'law as it was judicially construed to be when the bonds in question were put on the market as commercial paper.' *Douglass* v. *Pike County*, 101 U. S. 677, 687."

From the views thus expressed we are not disposed to swerve.

One point taken in the present case may not have been presented in any of the cases cited, to wit, that the rights, privileges, and franchises of the Kansas City and Cameron Railroad Company were not expressly declared to pass over to the company with which it might become consolidated, by the law authorizing such consolidation. This law was passed March 11, 1867, and declared as follows :

"It shall be lawful and competent for said company to make such arrangement with any other railroad company to furnish equipments and to run and manage its railroad as it may deem expedient and find necessary, or to lease the same, or to consolidate it with any other company upon such terms as may be deemed just and proper."

In the "finding of facts" made by the court, it is, amongst other things, found as follows :

"That under the provisions of an act of the general assembly of the State of Missouri, approved May 11th, 1867, entitled, &c., the said corporation, then known as the Kansas City and Cameron Railroad Company, on the 21st day of February, in the year 1870, was consolidated with the Hannibal and St. Joseph

Railroad Company, and all the rights, privileges, franchises, and property of said Kansas City and Cameron Railroad Company were, by said consolidation, transferred to the Hannibal and St. Joseph Railroad Company, which then and thereby became the owner of and possessed of the same."

If only a sale of the road to another company had been authorized and made, then it might very plausibly have been contended that the purchasing company took and held it under its own charter only, without the franchises and privileges connected with it in the hands of the vendor company; but "consolidation." is not sale, and when two companies are authorized to consolidate their roads, it is to be presumed that the franchises and privileges of each continue to exist in respect to the several roads so consolidated. This point was considered in the case of *Tomlinson* v. *Branch*, 15 Wall. 460, and *Branch* v. *City of Charleston*, 92 U. S. 677, and was decided in accordance with this view. This being so, the authority given to consolidate, "upon such terms as may be deemed just and proper," would include the power to transfer to the consolidated company the franchises and privileges connected with the road, if the law itself did not have that effect; and the court has found that this was done. We think, therefore, that the point is not well taken.

*The judgment of the circuit court is affirmed.*