[Civil No. 194.  Filed October 18, 1887.]

[S. C. 15 Pac. 139.]

THE TERRITORY OF ARIZONA, ex rel. JOHN J. HAWKINS, Petitioner, v. W. E. WINGFIELD, Chairman of the Board of Supervisors of Yavapai County, Respondent.

1. Statutes—Construction—Reconciliation of Acts Past at Same Time—Laws 1885, Act No. 75, p. 138, § 31, and Laws 1885, Act No. 105, p. 293, § 13 and § 19, Relating to the Salary of Certain County Officials, Construed—Duty of Courts to Harm-

ONIZE INCONSISTENT STATUTES.—Where plaintiff had acted as probate judge and county school superintendent of Yavapai County he was entitled under the statutes, *supra,* to compensation from both the "General Salary Fund" and the "School Fund." These statutes were passed at the same session of the legislature and approved the same day. Statutes passed on the same day, and to take effect at the same time, will all be assumed to have been enacted at the same time, and are to be construed as of one act. Such construction should be given, if possible, as shall leave all to stand. If this cannot be done, only so much is to be disregarded as cannot stand. Distinct affirmative propositions should stand as against mere negations or provisos. The courts are continually called upon to revise the results of careless legislation. This they must do as best they can by known rules of construction.

Original application for writ of Mandamus. Petition granted.

The facts are stated in the opinion.

John J. Hawkins, for Petitioner.

Briggs Goodrich, Atty. Gen., for Respondent.

BARNES, J.—This is an action for *mandamus.* During the years 1885 and 1886 the relator was the probate judge of the county of Yavapai, in the territory of Arizona, and for said time was the county superintendent of public schools for said county. The defendant is now the duly-qualified chairman of the board of supervisors of said county of Yavapai.

The Thirteenth legislative assembly of the territory of Arizona passed an act entitled "An act to establish a public school system, and to provide for the maintenance and supervision of public schools in the territory of Arizona," which said act was approved March 12, 1885. Section 31 of said act provides, among other things, that the county superintendent of schools of the county of Yavapai shall have an annual salary of $600, payable quarterly out of the "School Fund" of said county, by a warrant drawn upon said fund in favor of such county superintendent, *countersigned* by the chairman of the board of supervisors of

said county.  The said Thirteenth legislative assembly of
Arizona also passed on the same day an act entitled "An
act to create the office of county assessor, to make the
county treasurer *ex officio* county tax collector, and prescribe
the salaries and duties of certain county officers of the
county of Yavapai."   Approved March 12, 1885.   Section
13 of said last-mentioned act provides that the probate judge
of the county of Yavapai shall receive to his own use as
full compensation for all services rendered by him as judge
of the probate court, *ex officio* county superintendent of pub-
lic schools, and as clerk of the probate court, including all
services rendered by deputies, the salary of $2,000, etc.   Sec-
iton 19 of said last-mentioned act provides for the payment
of such salary out of a fund created by said act known as
the "General Salary Fund," on warrants drawn by the
board of supervisors upon such fund.   These acts were passed
by the same legislature, and were approved on the same day;
and at the same time five acts relating to salaries of county
officers were considered and passed, viz., one for each of the
counties of Cochise, Mohave, Apache, Pima, Graham, and
Yavapai.   All these acts were approved March 12th, except
Cochise and Mohave, which were approved on March 11th.
Statutes passed on the same day, and to take effect at the
same time, will all be assumed to have been enacted at the
same time, and are to be construed as of one act.   Such
construction should be given, if possible, as shall leave all
to stand.   If this cannot be done, only so much is to be dis-
regarded as cannot stand.   Distinct affirmative propositions
should stand as against mere negations or provisos.

In this case, it is enacted that the county superintendent
of schools shall have an annual salary of $600, payable out
of the "School Fund."   This is a positive, affirmative enact-
ment.   It is also enacted that the probate judge shall re-
ceive, in full for all services as judge, *ex officio* superinten-
dent of schools, and clerk, etc., a salary of $2,000, payable
out of the "Salary Fund."   This is a positive, affirmative
enactment.   The two salaries are payable out of different
funds.  If they be construed to mean that the $2,000 only
shall stand, it repeals the former, or, rather, destroys it.
The salary of $600, and the provision providing for it out

of this school fund, falls. It is evident that it was intentional for the school fund to provide for the salary for its superintendent of schools. But to limit it to the $2,000 from the salary fund destroys that intention. There is but one way to construe these acts that both shall stand; that is, to hold that the probate judge shall receive a salary of $2,000, and the superintendent a salary of $600, as is provided, but discard the limitation or provisio that the probate judge shall receive, *as full compensation for all* services as judge and superintendent of schools, etc. The acts recognized the fact that, by law, the judge is *ex officio* superintendent of schools: that he holds the offices and performs the duties of both; the compensation and salary is fixed for each, and the fund from which he is to be paid for each service is provided, The officer is entitled to the salary so appropriated, and, though the same person, he is entitled to both salaries. The courts are continually called upon to revise the results of careless and sometimes reckless legislation; to try to make consistent that which is inconsistent; to harmonize that which is full of discord. This they must do as best they can by known rules of construction. *Red Rock* v. *Henry,* 106 U. S. 596, 1 Sup. Ct. Rep. 434; *United States* v. *Walker,* 22 How. 299; *Clay Co.* v. *Savings Soc.,* 104 U. S. 579; *Fussel* v. *Gregg,* 113 U. S. 550, 5 Sup. Ct. Rep. 631; *Louisiana* v. *Taylor,* 105 U. S. 454; Sedg. Const. St. 198, 209; *Cain* v. *State,* 20 Tex. 355.

The prayer of the petitioner is granted. Let the writ issue.

Wright, C. J., and Porter, J., concur.