## SHAFFER v. WOLFE COUNTY, KY.
### No. 72.

District Court, E. D. Kentucky.

Dec. 12, 1946.

150

Ernest Woodward and Woodward, Dawson, Hobson & Fulton, all of Louisville, Ky., and Alfred Holman, of Cincinnati, Ohio, for complainant.

J. Douglas Graham, County Atty. Wolfe County, of Campton, Ky., for defendant.

FORD, District Judge.

In 1928 Wolfe County, Kentucky, issued and sold 29 negotiable funding bonds of $1,000 each bearing interest payable semi-annually at the rate of 5¼% per annum, maturing 20 years after date, for the purpose of funding a floating indebtedness previously incurred by the county. Nineteen of the bonds remain outstanding. The county has renounced the obligation to pay any part of the principal or interest of these bonds on the ground that the debt which they purported to fund was in excess of constitutional limitations.

Alleging that he is the holder and owner of these remaining 19 bonds, that he acquired them in good faith, for a valuable consideration, before maturity and without knowledge of any infirmity in them, the complainant, Earl Shaffer, filed this action under 28 U.S.C.A. § 400 for a judgment declaring the bonds and attached interest coupons valid and enforceable. The county filed answer asserting the invalidity of the bonds for the reasons above stated. The complainant then filed an amended complaint pleading that the county is estopped to assert the defense set up in its answer by reason of the following recital upon the face of each of the bonds:

"This bond is issued by the Fiscal Court of said County pursuant to the provisions of the Constitution of the Commonwealth of Kentucky, Section 1857 et seq. of Carroll's Kentucky Statutes, 1922, and all other laws hereunder applicable, and in conformity with an order of said Fiscal Court duly adopted for the purpose of funding a like amount of legal, valid and subsisting indebtedness of said County.

"And it is hereby certified and recited that all acts, conditions and things required by the law and the Constitution of the Commonwealth of Kentucky to be done precedent to and in the issue of this bond, and precedent to and in the incurring of the indebtedness hereby funded, were and

have been properly done, happened and been performed in regular and due form, and time, as required by law; that the indebtedness hereby funded was a valid, subsisting and legal obligation of said County; that the total indebtedness of said County, including this bond, does not now, and did not at the time of the incurring of the indebtedness hereby funded, including said indebtedness, exceed the constitutional or statutory limitations; and that provision has been made for the collection of an annual tax sufficient to pay the interest on this bond and to create a sinking fund for the payment of the principal at maturity."

The defendant has moved to strike the amended complaint on the ground that under the law of Kentucky the recitals set out in the bonds do not constitute or raise the estoppel asserted.

In support of the motion to strike, the defendant relies upon Pulaski County v. Ben Hur Life Association, 1941, 286 Ky. 119, 149 S.W.2d 738, and Kentucky Utilities Co. v. City of Paris, 1933, 248 Ky. 252, 58 S.W.2d 361, contending that, properly interpreted, these cases disclose that the Kentucky Court of Appeals has established the rule that recitals in bonds such as those incorporated in the bonds here involved do not constitute an estoppel against the county to show that the bonds were in excess of constitutional authority, and that since, under Erie R. Co. v. Tompkins, 1938, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487, it is the duty of this Court to apply the law as announced by the highest Court of the State, previous adjudications to the contrary should not be followed.

Without considering whether the defendant's interpretation of the above-mentioned Kentucky cases is correct, it is sufficient to point out that they were decided many years after the bonds here in question were issued and sold.

At the time of the issuance of the bonds, the law established by numerous decisions of Federal Courts, in the lawful exercise of diversity of citizenship jurisdiction, was that a bona fide purchaser of such bonds was entitled to accept recitals.

such as those above set out as stating the truth and as against such purchaser the county was estopped to allege the contrary and would not be heard to say that the bonds were in excess of constitutional authority. Gunnison County Commissioners v. Rollins, 1899, 173 U.S. 255, 19 S.Ct. 390, 43 L.Ed. 489; Presidio County v. Noel-Young Bond Co., 1909, 212 U.S. 58, 29 S.Ct. 237, 53 L.Ed. 402; Henderson County v. Sovereign Camp, 6 Cir., 1926, 15 F.2d 883; First Trust Co. v. County Board of Education, 6 Cir., 1935, 78 F.2d 114; Royal Oak Drain District v. Keefe, 6 Cir., 1937, 87 F.2d 786; Pulaski County v. Eichstaedt, 6 Cir., 1940, 110 F.2d 79; Knott County v. Aid Association for Lutherans, 6 Cir., 1944, 140 F.2d 630.

Neither the diligence of counsel nor our own research has disclosed any adjudication by the Kentucky Court of Appeals prior to the issuance of the bonds in question which even tended to establish or declare a contrary rule. The only reference to the point found in prior Kentucky decisions indicates no lack of acquiescence in the established federal rule. Green v. Shortell, 116 Ky. 108, 75 S.W. 251.

■ Even in cases involving the construction of state constitutions and statutes, in respect to which, under section 34 of the Federal Judiciary Act of 1789, 28 USCA § 725, the duty of the federal courts to follow the decisions of the state courts has always been recognized, nevertheless where, in the absence of state court decisions, the federal courts have construed such provisions involving contract rights, subsequent state court decisions to the contrary have been denied such retroactive effect as to impair contract rights which accrued under the prior federal decisions rendered in the absence of state court decisions on the question. Concordia Insurance Co. v. School District, 282 U.S. 545, 553, 554, 51 S.Ct. 275, 75 L.Ed. 528; Loeb v. Columbia Township Trustee, 179 U.S. 472, 493, 494, 21 S.Ct. 174, 45 L.Ed. 280.

■ The rights of the parties must be determined according to the law as it was judicially declared to be when the bonds in question were put on the market as commercial paper. That such is the accepted and established law, has been frequently declared not only by the Federal Courts, Douglass v. County of Pike, 101 U.S. 677, 687, 25 L.Ed. 968; Taylor v. Ypsilanti, 105 U.S. 60, 26 L.Ed. 1008, Green County v. Conners, 109 U.S. 104, 3 S.Ct. 69, 27 L.Ed. 872; Bolles v. Brimfield, 120 U.S. 759, 7 S.Ct. 736, 30 L.Ed. 786, but likewise by the highest Court of the State of Kentucky, Great Atlantic & Pacific Tea Co. v. Scanlon, 266 Ky. 785, 100 S.W.2d 223; Eagle v. City of Corbin, 275 Ky. 808, 122 S.W.2d 798; Payne v. City of Covington, 276 Ky. 380, 123 S.W.2d 1045, 122 A.L.R. 321; World Fire & Marine Insurance Co. v. Tapp, 279 Ky. 423, 130 S.W.2d 848; and Mutual Life Insurance Co. v. Bryant, 296 Ky. 815, 177 S.W.2d 588, 153 A.L.R. 422.

"It was at one time supposed that the decisions of the Federal court in such a situation rested upon the ground that the change of decisions of the state court as applied to rights that had already accrued impaired the obligation of contracts, in violation of the Federal Constitution; but later decisions were explained as resting not upon the provision of the Federal Constitution referred to, but upon an exception to the rule that the Federal courts are bound to follow the decisions of the state courts. And while there have been intimations in some of the more recent opinions of a disposition to return to the earlier view, that view can hardly be regarded as re-established. In this connection it is well to remember that the exception is applied only for the protection of rights which have become vested in conformity with the earlier decisions." 14 Am.Jur. § 100, p. 319.

Whatever may be the prospective effect of the late decisions of the Kentucky Court of Appeals upon which the defendant relies, I am unable to find any legal sanction or authority to warrant giving them the retroactive effect for which the defendant contends.

For the reasons stated, the motion to strike should be overruled.