COMMISSIONERS OF CLEVELAND COUNTY v. BANK OF
GASTONIA.

(Filed 27 November, 1911.)

1. **Precincts—Quasi-municipal Corporations—Powers.**

In this case *Held*, that Kings Mountain Precinct in No. 4 Township, Cleveland County, is a quasi-municipal corporation created by the State and vested with certain corporate powers. *Smith v. School Trustees*, 141 N. C., 143; *Board of Trustees v. Webb*, 155 N. C., 379, cited and applied.

2. **Bond Issues—Precincts—Legislative Authority—Sinking Funds —Restricted Levy—Negotiable Instruments—Particular Fund.**

A legislative act empowering the issuance of bonds by a precinct for building and maintaining, etc., its public roads, authorizing taxes to be computed and levied on all taxable property therein, does not restrict the payment of the bonds so as to render them nonnegotiable by providing a maximum rate of taxation upon the property and poll; and, further, that "no sinking fund shall be created within less than ten years from the date of issuing said bonds," but allowing the properly constituted authorities to use, for the purposes of the act, "such sums of money remaining after the interest on said bonds shall have been paid"; and the bonds issued thereunder containing an unconditional promise to pay a sum certain in money at a fixed time to bearer, are a compliance within the provision of our negotiable instrument act as to the negotiability of a paper, which indicates a particular fund out of which reimbursement is to be made or a particular account to be debited with the amount.

3. **Bond Issues—Precincts—Legislative Authority—Tax Levy—Restrictions—Payment—Negotiable Instruments.**

A legislative authority to a precinct to issue bonds and levy taxes on all taxable property for the purposes of the act, does not affect the ultimate liability of the precinct for their payment in full by restricting the tax levy to a certain amount upon the property and poll.

APPEAL from *Webb, J.,* at February Term, 1911, of CLEVELAND.

Controversy submitted without action. His Honor rendered judgment for plaintiff, and defendant appealed.

*Ryburn & Hoey for plaintiff.*
*Jones & Timberlake for defendant.*

BROWN, J. By the act of Assembly, ch. 429, Public-Local Laws 1911, Kings Mountain Precinct in No. 4 Township, Cleveland County, is authorized to issue bonds in sum of $25,000 for the purpose of building roads, repairing those in existence, and for other purposes named in the act. An election was held and the act adopted and approved by a large majority of the qualified voters of the precinct. Kings Mountain Precinct in No. 4 Township, Cleveland County, has existed under well-known boundary lines for more than thirty years, and comprises an area of over 22,000 acres of land, the town of Kings Mountain being also situate therein.

The act also provides for a "Highway Commission of Kings Mountain Precinct," and gives it appropriate powers as a body corporate and politic.

Section 4 of the act provides for the levy within the township of a special tax to pay the interest on the bonds and eventually also to provide a sinking fund.

It is contended by defendant that the bonds are not negotiable, and are not a valid obligation of the precinct, because of the proviso in section 4 of the act. The entire section reads as follows:

SEC. 4. In order to pay the interest on said bonds, create a sinking fund for taking up said bonds at maturity, to compensate laborers employed on the roads in Kings Mountain Precinct, in No. 4 Township, and to establish, alter, repair, survey, lay out, grade, construct, maintain, and build the public roads and highways of Kings Mountain Precinct, in No. 4 Township, in Cleveland County, in good condition, the board of commissioners of the county of Cleveland, or other authorities vested with power of levying taxes for said county, shall annually compute and levy, at the time of levying other county taxes, a sufficient tax on all polls, real estate, and all personal property and all other subjects of taxation in said Kings Mountain Precinct which said commissioners or other authorities now or hereafter may be allowed to levy taxes upon for any purpose whatever, always observing the constitutional equation between taxes on property and taxes on polls: *Provided,* there shall not at any time be levied in Kings Mountain Precinct, in No. 4 Town-

ship, in the county of Cleveland, for the purpose of road improvement, and including all expenditures made necessary by this act or any act or statute now existing, a tax greater than twenty-five (25) cents upon the one hundred dollars ($100) worth of property and seventy-five (75) cents on each poll: *Provided further,* that no sinking fund shall be created by such levy within less time than ten years from the date of issuing said bonds, but the highway commission hereinafter created may use for the purpose of this act such sums of money remaining after the interest on said bonds shall have been paid, for the purpose of carrying out the provisions of this act.

We see nothing in this proviso, or in the whole act, which destroys the negotiability of the bonds. They contain an unconditional promise to pay a sum certain in money at a fixed time, and are payable to bearer, and fulfill all the requirements of negotiability. They are not promises to pay out of any particular fund, and the act by virtue of which they are issued does not profess to restrict their payment out of a particular fund.

Kings Mountain Precinct is a quasi-municipal corporation created by the State and vested with certain corporate powers. *Smith v. School Trustees,* 141 N. C., 143; *Board of Trustees Youngsville Township v. Webb,* 155 N. C., 379, and cases therein cited.

These bonds are the general and unrestricted obligation of that body corporate. They are not payable solely out of a particular fund, although a particular fund is provided for their payment. They therefore do not come within the description of the negotiable instrument act as nonnegotiable paper, for that instrument especially provides that "an unqualified order or promise to pay is unconditional within the meaning of this chapter, though coupled with (1) an indication of a particular fund out of which reimbursement is to be made, or a particular account to be debited with the amount."

The fact that the special tax is limited to 25 cents on the property and 75 cents on the poll may affect the value of the bonds, possibly, but does not affect the ultimate liability of the precinct for their payment in full.

157—13

As said by the Supreme Court of the United States in *U. S. v. County of Clark,* 24 Law Ed., p. 629, "Limitations upon a special fund provided to aid in the payment of a debt are in no sense restrictions of the liability of the debtors." 2 Daniel Neg. Inst. (4 Ed.), sec. 1491c; *Red Springs Hotel v. Red Springs, ante,* 137, and cases therein cited.

As we have heretofore substantially said in above cited case, in the event the special tax is insufficient to meet the demand upon it for interest and sinking fund requirements, the Legislature may authorize its increase, or the growth of the precinct and the increase in the taxable value of property render such increase unnecessary.

The judgment is