## Fluhart Collieries Company v. Meek.

(Decided March 14, 1916.)

### Appeal from Johnson Circuit Court.

Master and Servant—Rule Promulgated by Master—Effect of Custom to Violate.—The master cannot defeat a recovery on account of violation of rules promulgated by him if it is the custom among the servants, to violate them with his acquiescence.

C. B. WHEELER for appellant.

FOGG & KIRK for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

This is the second appeal of this case. The opinion on the first appeal may be found in 160 Ky., 127. On the former appeal the court, after stating the facts fully, said that the plaintiff made out a case that entitled him to go to the jury, but the judgment was reversed for errors in the instructions. On a retrial of the case there was again a judgment in favor of the plaintiff, followed by this appeal.

It is urged as a ground for reversal that the plaintiff was permitted to introduce evidence of negligence not covered by the negligence charged in the petition. But we think, after an examination of the petition and the evidence, that the petition authorized the admission of the evidence complained of. The plaintiff did not offer any evidence as to acts of negligence that were not embraced by the charge of negligence contained in his petition.

On the trial of the case the defendant contended that it was a violation of its verbal rules for miners to "kick" the machines, and to rebut this contention by showing that it was the custom in the mine for miners to move their machines by "kicking," miners were permitted to prove this custom, and this evidence, we think, was competent. It is very well settled that the master cannot defeat a recovery on account of violations of rules promulgated by him if it is the custom among the servants to violate them, with his acquiescence. But, aside from this, the evidence on the subject of the rules is not satisfactory.

On the trial the court gave the instructions that were directed to be given in a former opinion, and, of course, no complaint could be made or is made of the action of the court in giving instructions.

It is further complained that the verdict is excessive, and for this reason the judgment should be reversed. The damages are, perhaps, something larger than should have been assessed, but are not so flagrantly excessive as to justify us in interfering with the finding of the jury.

No error affecting the substantial rights of the appellant is found in the record, and the judgment is affirmed.