## MERCER COUNTY v. EYER.

(Circuit Court of Appeals, Sixth Circuit. October 7, 1924.)

No. 4029.

1. **Counties 171 — Payee in county's note held bona fide holder, entitled to protection under recital therein that Kentucky Constitution and Statutes were complied with.**

Payee in county's note, though first holder, *held* entitled to protection of recital therein that Kentucky constitutional and statutory limitations on county's indebtedness had been complied with, where violations, if any, were due to uncertain and complicated circumstances.

2. **Counties 171—County judge's authority to place recital in county's note, if not conclusively established, held at least question of fact affirmatively determined.**

Authority of county judge as presiding officer of fiscal court to insert, in note given by county, recital that constitutional and statutory limitations on county's debt had not been violated, *held*, if not conclusively established, at least question of fact affirmatively determined.

3. **Appeal and error 1008(2)—Findings of fact by court sitting without jury, supported by evidence, are conclusive.**

Findings of fact by District Judge sitting without jury, pursuant to stipulation, if supported by evidence, are conclusive.

In Error to the District Court of the United States for the Eastern District of Kentucky.

Action by George A. Eyer against Mercer County, Ky. Judgment for plaintiff (292 Fed. 292), and defendant brings error. Affirmed.

Rodman W. Keenon, of Lexington, Ky. (Robt. L. Black, of Harrodsburg, Ky., and John D. Carroll, of Frankfort, Ky., on the brief), for plaintiff in error.

Wm. H. Hoyt, of New York City, and Edmund F. Trabue, of Louisville, Ky. (Reed, Dougherty & Hoyt, of New York City, Dorsey & Dorsey, of Henderson, Ky., and Trabue, Doolan, Helm & Helm, of Louisville, Ky., on the brief), for defendant in error.

Before DENISON, MACK, and DONAHUE, Circuit Judges.

DENISON, Circuit Judge. In the court below Eyer recovered a judgment against the county upon a note for $50,000, dated August 17, 1921, due in five months, with 6 per cent. interest. This note was payable to bearer, but was delivered to Eyer at its date in exchange for its face in cash, less 1¼ per cent. discount. Payment was refused. Section 157 of the Kentucky Constitution forbids any municipality to become indebted (except by a popular vote, which in this case was not had) "to an amount exceeding in any year the income and revenue provided for such year, * * * and any indebtedness contracted in violation of this section shall be void."

The case involved two main questions: First, did the recitals in the note protect the plaintiff against any such defense? Second, if not, was the indebtedness in fact in excess of the constitutional limitation? We find it unnecessary, as did the District Judge, to go beyond the first question.

Under Kentucky laws, the governing body of the county, authorized to borrow money for it when within constitutional limits, is the fiscal court. This is composed of several county representatives, meeting at stated intervals or specially. One of its members, and its presiding officer, is the county judge. This board passed a resolution, directing the making of a note to Eyer for this loan, "in an anticipation of 1921 taxes for county purposes," and the resolution proceeds:

"That the full faith and credit of the county of Mercer be pledged to the punctual payment of the principal and interest of said note at maturity; and further resolved and ordered that J. W. Davenport, presiding judge of this court, execute said note in behalf of Mercer county."

On the same day the note was executed and delivered, purporting to be the promise of Mercer county, and was signed in this form:

"In witness whereof, the county of Mercer has caused its corporate name to be signed hereto by the presiding judge and the corporate seal to be hereunto affixed and attested by T. L. Menaugh, clerk, this 17th day of August, 1921.

"Mercer County Fiscal Court,
"J. W. Davenport, Judge of Court."

The note recited that it was issued pursuant to the resolution of the fiscal court, and continued:

"It is hereby certified and recited that each and every act, condition, and thing required to be done, to have happened and be performed precedent to and in issuance of this note, has been done, has happened and has been performed in full and strict compliance with the Constitution and laws of the state of Kentucky, and that this note is within every debt and other limit prescribed by law, and the faith and credit of Mercer county are hereby irrevocably pledged to the punctual payment of the principal and interest of this note, according to its terms."

[1] Under this state of facts it is said that the plaintiff is not such a bona fide

holder as is, under the familiar rule, protected by such recitals. On the contrary, we think he is. The more familiar cases in which the protective effect of such recitals has been established have been cases where the plaintiff had bought the note from the first holder and had been without knowledge of derogatory facts which perhaps the first holder had. See, as to similar recital, Provident Co. v. Mercer County, 170 U. S. 593, 601, 18 Sup. Ct. 798, 42 L. Ed. 1156. But such a transfer from the first holder does not seem to be vital, where the defense is of the class here made. There is no apparent reason why the estoppel in such a case should not protect the first holder as well as the second; the reasons upon which the rule rests apply as well to the first taker, and the Supreme Court seems to have so held (Douglas County v. Bolles, 94 U. S. 104, 109, 110, 24 L. Ed. 46), even in a case of exceeding the constitutional limit. Gunnison County v. Rollins, 173 U. S. 255, 275, 19 Sup. Ct. 390, 43 L. Ed. 689. See, also, cases cited, notes 11 and 12, section 312, Municipal Corporations, 19 R. C. L.

The fact that Eyer did pay over the cash to the county and it received and kept the money, is not disputed. There was nothing to show that Eyer did not do so in the ordinary and natural reliance upon such recitals, and it should be presumed that he did. Cases will occur where a breach of this constitutional limitation will be so plain and the circumstances so notorious that the lender would be likely to be put on notice, and the presumption of good faith in reliance upon recitals would be unsafe; but there are no such circumstances here. If the limitation was violated, it was because of its uncertain application to the complicated circumstances. The District Judge said that it would take the traditional Philadelphia lawyer to trace the matter through, and it is now argued, with at least plausibility, that this recital in the note was true. We therefore conclude that the plaintiff is entitled to the full protection coming from any valid recital.

[2] It is next urged that the county judge had no authority from the fiscal court to insert this recital, and hence it is not valid. A reading of the record convinces us that it cannot be affirmed at all events, and as a matter of law, that the county judge, under the existing circumstances, had no such authority, and that the utmost which can be said for defendant is that the authority of the signer to insert this recital was a question of fact. Even that is doubt-

ful, against the county. Rees v. Olmsted (C. C. A. 6) 135 Fed. 296, 68 C. C. A. 50. There was ample room for the inference that the fiscal court so far supervised and participated in the entire transaction that it must have intended and did intend to authorize the signer of the note to execute it in the form in which it was simultaneously presented, and which contained this usual, if not essential, recital. Any conclusion that the members of the fiscal court knew or feared that the constitutional limitation would be exceeded, and intended to borrow this money by a note which the county could repudiate, would be a reflection upon their integrity; and if they understood that the limitation was not exceeded, and that they had the power to borrow the money, there is no reason why they would not have intended to authorize the necessary recital.

[3] The conclusion that there was evidence to support a finding of fact that the authority existed is decisive of this writ of error, because the case was tried by stipulation before the District Judge without a jury, and he made a special finding of fact to this effect.

We assume, against grave doubts, that there is a bill of exceptions which contains all the evidence, and that there is an exception properly insisting that a contrary finding was inevitable.

The judgment must be affirmed.