## HENDERSON COUNTY, TENN., v. SOVEREIGN CAMP, W. O. W.

(Circuit Court of Appeals, Sixth Circuit. May 7, 1926. Rehearing Denied June 9, 1926.)

No. 4562.

1. **Counties** ⊂⊐183(2)—**Absence of seal from county highway bond coupons held not to invalidate them where bonds were sealed (Acts 1st Ex. Sess. Tenn. 1913, c. 26).**

A statute providing that bonds and coupons issued by a county shall be countersigned by the clerk of the county court "under the seal of his office," if construed to require the seal to be placed on coupons, is merely directory, and the validity of the coupons may rest on the bonds to which the seal was affixed.

2. **Counties** ⊂⊐183(2)—**Bonds issued in form required by statute and attested by officers authorized to issue such bonds are prima facie valid.**

County bonds, reciting on their face that they were issued pursuant to a statute and attested by the officers authorized thereby to issue such bonds, are prima facie valid, and are admissible in evidence.

3. **Counties** ⊂⊐183(3)—**County held estopped, as against innocent purchaser, to deny validity of bonds duly issued under statute and reciting performance of all precedent conditions (Acts 1st Ex. Sess. Tenn. 1913, c. 26).**

Acts 1st Ex. Sess. Tenn. 1913, c. 26, authorizing a county court to issue highway bonds upon certain conditions precedent, *held* a grant of power in ·præsenti, including power to determine whether those conditions have been performed and when such bonds have been issued, signed by the prescribed officers, and containing recitals that all precedent conditions have been performed, and have been sold to innocent purchasers for value, the county is estopped to deny their validity.

4. **Municipal corporations** ⊂⊐943(3)—**Bona fide purchasers of municipal bonds are not bound to look beyond statute and recitals of compliance therewith.**

A bona fide purchaser of county or municipal bonds for a valuable consideration, without actual notice of any defense to them, is not bound to do more than to see that there was legislative authority for their issue, and that the officers who were thereunder authorized to issue them have decided that the precedent conditions on which the grant was allowed to be exercised have been fulfilled.

In Error to the District Court of the United States for the Western District of Tennessee; Harry B. Anderson, Judge.

Action at law by the Sovereign Camp, Woodmen of the World, against Henderson County, Tenn. Judgment for plaintiff, and defendant brings error. Affirmed.

W. G. Timberlake, of Jackson, Tenn. (Joe C. Davis, of Lexington, Tenn., on the brief), for plaintiff in error.

C. W. Hewgley, of Jackson, Tenn., and Chas. Claflin Allen, Jr., of St. Louis, Mo. (De E. Bradshaw, of Omaha, Neb., and Bond & Bond and Pearson & Hewgley, all of Jackson, Tenn., on the brief), for defendant in error.

Before DENISON, DONAHUE, and MOORMAN, Circuit Judges.

MOORMAN, Circuit Judge. The defendant in error is the innocent holder for value of 114 road improvement bonds issued in the name of Henderson county, Tenn. This suit was brought by it on a like number of coupons, of $30 each, which had been detached from the bonds.

It is stated in the bonds that they were issued under and by virtue of designated legislative acts of the state. These acts authorize the county, through its county court, to issue bonds for highway purposes to bear interest at not exceeding 6 per cent. per annum, but provide that the indebtedness thus authorized, together with all other outstanding indebtedness of the county, shall not exceed 10 per cent. of the taxable property of the county as shown by the last preceding assessment for county taxation, or, in the alternative, 15 per cent., the first to be authorized by a majority vote, and the second by a two-thirds vote, of the qualified voters of the county. It is also provided that the bonds and coupons shall be signed by the "judge or chairman and countersigned by the clerk of the county court under the seal of his office."

Each of the bonds and coupons was signed by the judge and countersigned by the clerk. The seal of the county was attached to the bonds, but not to the coupons. Each bond recited that it was one of a series of 350, aggregating the principal sum of $350,000, issued for the purpose of road improvements pursuant to orders of the county court of Henderson county and in strict compliance with chapter 26 (the enabling acts) of the Acts of the General Assembly of the state of Tennessee for the 1913 first extra session and all acts amendatory thereto. They contained the further provision: "It is hereby certified and recited that all acts, conditions and things required to be done precedent to the issuance of this bond have been done and performed in due form of law, and for the prompt performance of the covenants, recitals and stipulations herein contained the full faith and resources of the said county of Henderson are irrevocably pledged."

[1, 2] The substantial question here is whether the bonds in the hands of an innocent hold-

er for value are valid, or, stating it different- ly, whether the county is estopped by the re- cital in the bonds from asserting their inva- lidity against such holder. A preliminary question raised by the county is that under its plea of non est factum the bonds were not admissible in evidence for the purpose of proving their validity. This is partially based on the absence of the seal from the cou- pons. As to that it may be said that, even if the language quoted is to be construed as re- quiring the placing of the seal on the cou- pons, it is merely directory, and the validity of the coupons may in this respect rest on the bonds to which the seal was attached. In its other aspects the contention may be dis- posed of by saying that there was legislative authority for issuing the bonds in some cir- cumstances, and inasmuch as they recited on their face that they were issued pursuant to the statute and were attested by the officers who were authorized thereunder to issue such bonds, a prima facie case of validity was made out. Montclair v. Ramsdell, 107 U. S. 147, 2 S. Ct. 391, 27 L. Ed. 431.

[3] Admitting that the county court had the right in some circumstances to issue bonds of this kind—though claiming that its powers in that respect were ministerial—it is contended that these bonds are invalid, because the au- thority to issue them could be brought into existence only with and by the performance of certain statutory conditions that were nev- er fulfilled. On the other hand, the holder of the bonds contends that the grant of pow- er was in the present, with a deferred right to exercise it, depending upon the happening of certain precedent conditions, it being the province of the county court to determine whether those conditions had been fulfilled, and, that court having certified on the face of the bonds to their fulfillment, the county is estopped as against innocent holders to assert the contrary.

The act authorizes the county, through its county court, to issue bonds for highway purposes. If the state highway department agrees to supply funds for the improvement of roads or bridges, the county may appro- priate double the amount contributed by the highway department, and, without submit- ting the question to a vote, issue interest- bearing coupon bonds therefor to an amount not exceeding 5 per cent. of the taxable val- ues of the county. With respect to other is- sues, not for use in co-operation with the state highway department, it is provided that the county court, "when in quarterly or extra session assembled, a quorum being present,

and a majority of those present voting in the affirmative, be and are hereby authorized to issue coupon bonds for highway purposes." Within prescribed limitations the court must fix the denomination of the bonds, interest rate, and dates of maturity. Bonds of the last-mentioned class, to which it may be con- ceded these belong, cannot be issued, to be sure, without the approval of the voters. But there is, nevertheless, a grant of power to the county court, in præsenti, the enjoyment or exercise of which is made dependent upon the happening of some precedent condition; there being vested in the court, in our view of the intendment of the act, the power to de- termine whether those conditions have been performed, and, when performed, a discre- tion as to what part of the issue will be sold.

[4] It is the law that a bona fide purchaser of municipal bonds for a valuable considera- tion, without actual notice of any defense to them, is not bound to do more than to see that there was legislative authority for their issue, and that the officers who were thereunder au- thorized to issue them have decided that the precedent conditions upon which the grant was allowed to be exercised have been ful- filled. In Knox County v. Aspinwall, 62 U. S. (21 How.) 539, 16 L. Ed. 208, it was held, under a statute conferring power upon the board of county commissioners to issue bonds in case a majority of the voters of the coun- ty should so determine, that the commission- ers were the judges of whether a majority of the votes in the county were cast in favor of the issue, and, as the bonds on their face im- ported issuance under the law, the innocent holder was not required to look further for evidence of compliance with the grant. A similar ruling was made in Grand Chute v. Winegar, 82 U. S. (15 Wall.) 355, 21 L. Ed. 170, where it was decided that a bona fide holder of bonds, whose title accrued before maturity, if there was legal authority for the issue, need not inquire into the formalities required by the statute authorizing it, and the municipality would not be permitted to show fraud in its agents in issuing the bonds. To the same effect is Block v. Commissioners, 99 U. S. 686, 25 L. Ed. 491, in which the county was authorized under a statute to issue bonds for subscription to the capital stock of a rail- road company, it being held that, in an ac- tion on the bonds by an innocent purchaser thereof, the county was estopped from claim- ing that a majority of the qualified electors had not voted in favor of the issue. See, al- so, Evansville v. Dennett, 161 U. S. 434, 16 S. Ct. 613, 40 L. Ed. 760; Waite v. Santa Cruz,

184 U. S. 302, 22 S. Ct. 327, 46 L. Ed. 552; Stanly County v. Coler, 190 U. S. 437, 23 S. Ct. 811, 47 L. Ed. 1126; Quinlan v. Green County, 205 U. S. 410, 27 S. Ct. 505, 51 L. Ed. 860, Rondot v. Township (6 C. C. A.) 99 F. 202, 39 C. C. A. 462; Kent v. Dana (6 C. C. A.) 100 F. 56; Trust Co. v. Johnson City (6 C. C. A.) 116 F. 458, 53 C. C. A. 178; Newbern v. National Bank (6 C. C. A.) 234 F. 209, 148 C. C. A. 111, L. R. A. 1917B, 1019; Mercer County v. Eyer (6 C. C. A.) 1 F.(2d) 609.

In cases where the bonds do not contain recitals importing compliance with the law, but show on their face the amount of the issue, and there are available to the purchaser data for ascertaining whether the issue was in fact authorized, as in County v. Graham, 130 U. S. 674, 9 S. Ct. 654, 32 L. Ed. 1065, and Dixon County v. Field, 111 U. S. 83, 4 S. Ct. 315, 28 L. Ed. 360, the county is not estopped from asserting invalidity against the holder. In those cases the issues exceeded constitutional limitations, and the question of power was involved. The difference between them and that class of cases, of which Presidio County v. Stock Co., 212 U. S. 58, 29 S. Ct. 237, 53 L. Ed. 402, is an exponent, and to which we think this case belongs, is pointed out in Chaffee County v. Potter, 142 U. S. 355, 12 S. Ct. 216, 35 L. Ed. 1040.

Obviously the county is not estopped from pleading invalidity, even against innocent holders, if the bonds are issued under an invalid statute. Brenham v. German-American Bank, 144 U. S. 173, 12 S. Ct. 559, 36 L. Ed. 390, and Kelley v. Milan, 127 U. S. 139, 8 S. Ct. 1101, 32 L. Ed. 77. But in this case the power was conferred by statute. The claim that it is absent deals with procedure, and the happening of conditions upon which it could be exercised—a totally different thing from its presence or existence. The amount of the bond issue, with all other indebtedness of the county, did not exceed the permissible per centum of taxable values "as shown by the last preceding assessment for county taxation." The county court was charged with the duty of determining whether there had been a fulfillment of the condition of approval by the voters of the county. The recital on the face of the bonds that they were issued in conformity with all the requirements of the statute was a determination of that question as to innocent purchasers that the county will not be permitted to repudiate.

Judgment affirmed.