## STATE BANK OF NEW YORK et al. v. HENDERSON COUNTY, KY.

Circuit Court of Appeals, Sixth Circuit. November 4, 1929.

Nos. 5158–5161.

Edmund F. Trabue, of Louisville, Ky. (John L. Dorsey, of Henderson, Ky., Reed, Hoyt & Washburn, of New York City, and Trabue, Doolan, Helm & Helm, of Louisville, Ky., on the briefs), for appellants.

J. W. Henson, of Henderson, Ky. (Odie Duncan, John C. Worsham, and Henson & Taylor, all of Henderson, Ky., on the briefs), for appellee.

Before DENISON, HICKS, and HICKENLOOPER, Circuit Judges.

DENISON, Circuit Judge. ▪ The bank, plaintiff below, recovered judgments against the county for $75,000 borrowed money. A jury was waived in writing. The court made findings of fact and of law—both in numerous paragraphs and considerable detail. Defendant had made no request for any specific finding of fact, and hence could not and did not except to any failure to make such a finding. It took no specific exception to any particular finding which the court did make. It excepted, "to each of the findings of fact, conclusions of law and to the judgment as a whole." Upon this part of the record no review question is open, except whether the pleadings and the facts found support the judgment. Humphreys v. Bank (C. C. A. 6) 75 F. 852, 855; Basham v. Lucas (C. C. A. 6) 30 F.(2d) 97. Plainly they do. They show that the county borrowed the money, used it, and has not repaid it.

▪ The record contains also a bill of exceptions which shows that, at the conclusion of all the evidence, defendant moved for judgment and excepted to the denial of its motion. This presents a reviewable question [City of Cleveland v. Walsh (C. C. A. 6) 279 F. 57, 61; but see Law v. U. S., 266 U. S. 494, 45 S. Ct. 175, 69 L. Ed. 401, and Oyler v. Cleveland R. R. (C. C. A. 6) 16 F.(2d) 455]; but there was no error. There was nothing to dispute the prima facie liability; judgment for plaintiff upon the proofs then in the record was inevitable.

▪ However, the really vital question was presented in another way. The meritorious defense sought to be made was that the county had exceeded its constitutional debt limits; and defendant offered evidence which we assume (without deciding) sufficiently tended to show that financial situation. The evidence was excluded because the bank was a purchaser for value before maturity of the county's negotiable paper and without notice and because, as against the bank, the county was, by the recitals in its notes, estopped to make this defense. The exception to this ruling requires consideration and decision.

The first note of those now involved was given May 13, 1921; it was signed by the county, with its seal, and the names of the county judge and the clerk and was in purported pursuance of a resolution of the fiscal court of April 6, 1921. A certified copy of the resolution accompanied the note, and this showed the resolution to be duly signed by the county judge. It gave authority to execute this note, and it would therefore carry authority to make the included conventional recital.[1] Mercer County v. Eyer (C. C. A. 6) 1 F.(2d) 609. This recital creates the estoppel familiar in this class of cases. Gunnison County v. Rollins, 173 U. S. 255, 19 S. Ct. 390, 43 L. Ed. 689; Quinlan v. Green County, 205 U. S. 410, 419, 27 S. Ct. 505, 51 L. Ed. 860; Rondot v. Rogers Twp. (C. C. A. 6) 99 F. 202, 212; Rees v. Olmsted (C. C. A. 6) 135 F. 296, 302; Eyer v. Mercer County (D. C. Ky.) 292 F. 292; Mercer County v. Eyer, supra; Henderson County v. Sovereign Camp (C. C. A. 6) 12 F.(2d) 883.

▪ Defendant's only answer is that, in fact, through inadvertence, the county judge had not signed the resolution on the fiscal court records; hence it is said the resolution was void and he had no authority to bind the county by these recitals. Here also we assume—again without deciding—that no estoppel arose from the note of May 13. This

---

[1] "It is hereby certified and recited that each and every act, condition, and thing required to be done, to have happened, and to be performed precedent to, and in the issuance of this note, has been done, has happened and has been performed in full and strict compliance with the Constitution and laws of the State of Kentucky, and that this note is within every debt and other limit prescribed by law, and the faith and credit of the County of Henderson are hereby irrevocably pledged to the punctual payment of the principal and interest of this note, according to its terms."

note was to mature December 26 and would be unpaid. On December 17 the fiscal court, by resolution duly signed, directed the county judge to renew this note. He did so; the renewal note contained the same recitals and is the one now sued upon; and the estoppel is complete. Such avoidance of this result as is attempted hardly deserves mention. The first note was given to and belonged to plaintiff Eyer; it was payable to bearer *at* the Bank of America; the resolution for renewal described it accurately except that it was referred to as due *to* the Bank of America; there was no other note to which reference could have been intended. The intent to refer in this resolution to this note has been found as a fact; that finding controls.

█ Error is also assigned upon the refusal to grant a new trial on the ground of newly discovered evidence. We can consider such an assignment only far enough to see whether the refusal to grant a new trial involved a clear abuse of discretion. The trial judge said it would be an abuse of discretion to grant the motion; he was right.

We find no reversible error in the orders overruling defendant's various demurrers nor in any of the other rulings on which error is assigned.

We have so far discussed appeal 5158. The situation in 5160 is entirely similar. In these two cases the judgments for plaintiff bank are affirmed with costs. In 5159 and 5161, Eyer asserts the right to recover for his money had and received if plaintiff bank should fail to recover on the note. These two appeals are dismissed without costs.