**S. A. GERRARD CO. v. AMERICAN RY. EXPRESS CO.**

Circuit Court of Appeals, Sixth Circuit.
November 8, 1929.

No. 5223.

H. G. Hightower, of Cincinnati, Ohio (Hightower, O'Brien & Porter, of Cincinnati, Ohio, on the brief), for appellant.

Frank S. Graydon, of Cincinnati, Ohio (A. M. Hartung, of New York City, and Maxwell & Ramsey, of Cincinnati, Ohio, on the brief), for appellee.

Before DENISON, MOORMAN, and HICKS, Circuit Judges.

HICKS, Circuit Judge. ■ Suit to recover alleged overcharges upon express shipments amounting to $1,325.49, with interest. The shipments consisted of 12 cars of cantaloupes from California to points east. Plaintiff claimed that the charges collected were in excess of the rate fixed by the tariff classification on file with the Interstate Commerce Commission (tit. 49, ch. 1, § 6, U. S. C. [49 USCA § 6]). By stipulation the case was tried by the court without a jury. Plaintiff excepted to no ruling on the trial. However, at its request, the court made a separate finding of facts, and the only open question therefore is whether this finding supports the judgment. City of Cleveland v. Walsh Const. Co., 279 F. 57 (C. C. A. 6); State Bank of N. Y. v. Henderson County, Ky. (C. C. A.) 35 F.(2d) 859, decided November 4, 1929.

The court found the applicable tariff classification as follows:

"Estimated Weights—When in packages described below charge on the basis of the following estimated weights:

"Page 36, Item 7—Fruit and vegetables from offices in Arizona and California:

"The dimensions of the packages described below are exterior measurements for length and interior measurements for width and depth.

| Commodity. | Package | Depth | Width | Lgth | Estimated Weight |
|---|---|---|---|---|---|
| Cantaloupes | Crate Pony | 12 | 12 | 24 | 57 |
| Cantaloupes | Crate Standard | 13 | 13 | 24 | 68 |
| Cantaloupes | Crate Jumbo | 14 | 14 | 23½ | 78 |

The court found that the 12 shipments consisted of crates billed either as "Jumbo" crates or "Standard" crates; that the dimensions of these "Jumbo" crates were 13 inches inside depth, 13 inches inside width, and 23½ inches outside length; and that the dimensions of the "Standard" crates billed were 12 inches inside depth, 12 inches inside width, and 23½ inches inside length.

It thus appears that barring ½ inch in length, which variation we do not consider materially important, the "Standard" crates and the "Jumbo" crates billed were of the same dimensions, respectively, as the "Pony" crates and the "Standard" crates of the schedules, but the identity stops with the size. In each instance the crates billed, although substantially identical in size with certain crates of the schedules, bore different names and carried different weights. Thus, the crate 12x12x23½, substantially identical in size with the crate · of the schedule 12x12x24, weighed 68 pounds and was billed as a "Standard," whereas, the corresponding crate of the schedule carried an estimated weight of 57 pounds and was described as a "Pony." And the crate 13x13x23½, substantially identical in size with the crate of the schedule, 13x13x24 weighed 78 pounds and was billed as a "Jumbo," while the crate of the schedule of the same substantial size was designated as a "Standard" and carried an estimated weight of 68 pounds.

We must assume that the factors of weight and designation found in the tariff schedules are of importance in determining whether a shipment should go forward under one rate or another, and that the insertion thereof in the schedules was not surplusage. In this view the finding that the crates shipped carried identifying designations and weight capacities not only different from the names and weights of crates of practically the same dimensions designated in the tariff, but, in accord with the names and weights

provided for other classes, was a substantial rather than a "scintilla" finding and sufficient to justify the court's conclusion that plaintiff had not brought itself within the provisions of the schedules entitling it to the lower rates, and that therefore the suit should be dismissed.

Briefly, with reference to the cases cited by plaintiff, the difficulty here is not with any inconsistent or ambiguous provisions of the tariff classification or schedules. Plaintiff's obstacle is that the findings of the court, beyond which we cannot go, fail to bring plaintiff's case within the scope and provisions of the tariff.

Affirmed.