### WOODMEN OF THE WORLD v. ROWAN COUNTY, KY.

### No. 1567.

District Court, E. D. Kentucky, Catlettsburg.

July 2, 1938.

Nichols, Morrill, Wood, Marx & Ginter, of Cincinnati, Ohio, for plaintiff.

Caldwell & Gray, of Ashland, Ky., for defendant.

SWINFORD, District Judge.

This case is submitted for decision without material dispute as to the facts. Rowan County, Kentucky, in May 1930, issued 40 bonds, styled "Road and Bridge Funding Bonds", of $1000 denomination, bearing interest of 5¾%, payable semi-annually. These bonds were purchased by the plaintiff in November 1930 from a Chicago bond firm. Plaintiff now sues for certain interest payments, which, under the terms of the bonds, are past due. Defendant contends that the bonds are invalid because issued to refund the floating indebtedness of the county, including debts incurred for general expenses, and therefore not validly issued under the legislative act granting counties the power to issue bonds for the purpose of refunding debts contracted in the "construction, repair or building, * * * or bridges or turnpikes." Carroll's Kentucky Statutes, § 1857. Plaintiff does not contest defendant's claim that the bonds were improperly issued, or that a part of the proceeds from their sale was used to refund general indebtedness of the county not within the purview of the legislative act, but asserts the defendant is estopped to prove this as a defense to the plaintiff's action by reason of a recital in the bonds asserting their validity. The recital is as follows:

"This * * * is issued for the purpose of funding a like amount of indebtedness of Rowan County, heretofore legally contracted by the said County, for the construction, equipment, repair and maintenance of the public roads and bridges, and repair and maintenance of the public buildings in the said County, and particularly pursuant with Sections 157, 158 and 159 of the Constitution of Kentucky and Sections 1857, 1858 and 1859 of Carroll's Kentucky Statutes of 1922, providing for the issuance of funding bonds of this character, and in accordance with the proceedings duly had by the Fiscal Court of Rowan County, Kentucky, for said purpose."

"It is hereby certified and recited that all acts, conditions and things required by the Constitution and laws of the Commonwealth of Kentucky, to exist, be done, to have happened or be performed precedent to and in the issuance of this bond, exist, have been done, have happened and been performed in regular form, time and manner as required by law; that the total indebtedness of the said Rowan County, Kentucky, including this bond and the series of which it is a part does not exceed any limitation prescribed

by the Constitution and statutes of Kentucky; * * *."

It may be assumed that under a normal application of the doctrine of estoppel the defendant could not here assert the illegality of the bonds as against a bona fide purchaser. Gunnison County Commissioners v. Rollins & Sons, 173 U.S. 255, 19 S.Ct. 390, 43 L.Ed. 689; Chaffee County v. Potter, 142 U.S. 355, 12 S.Ct. 216, 35 L.Ed. 1040; Henderson County, Tenn., v. Sovereign Camp, W. O. W., 6 Cir., 12 F.2d 883; First Trust Co. of St. Paul et al. v. County Board of Education of Whitley County, 6 Cir., 78 F.2d 114. But, the defendant contends that the normal rule of estoppel is not applicable here because the officials who made the recital relied on did not have the power to issue the bonds, and because "readily available" public records disclose the falsity of the recital. In my opinion neither of these contentions is valid. The first is obviously erroneous and need not be discussed at length. Since the act of the legislature specifically approved the issuing of road and bridge funding bonds, as these were called, and the manner of issuing prescribed was that followed here, the de facto and de jure officers making the recital relied upon have basic power. Hughes County, S. D., v. Livingston, 8 Cir., 104 F. 306.

In the Hughes Case, supra, the defendant county also contended that recitals contained in bonds issued by the county could not operate to create an estoppel because of a lack of power in the county to issue them. In discussing the county's basic power to issue these bonds, the court said (page 311): "Their argument ignores the vital distinction between that total want of power which no act or recital of the municipality can remedy, and the total failure to exercise or the inadequate exercise of a lawful authority. It ignores the essential difference between a total lack of power under the laws under all circumstances, and a lack of power which results merely from the absence of some precedent facts or acts which condition either the existence or the exercise of the power. The former, it is true, cannot be affected by the estoppel of recitals, but the latter may be. A municipality or a quasi municipality may not, by the recitals in its bonds, estop itself from denying that it is without power to issue them when the laws are such that there can be no state of facts or of conditions under which it would have authority to emit them. But if the laws are such that there might, under any state of facts or circumstances, be lawful power in the municipality or quasi municipality to issue its bonds, it may by recitals therein estop itself from denying that those facts or circumstances existed, and that it had lawful power to send them forth, unless the constitution or act under which the bonds are issued prescribes some public record as the test of the existence of some of those facts or circumstances."

The "public records" referred to by the defendant are the orders relating to the bonds entered in the records of the Fiscal Court. One such order recites that the bonds in question were refused by one prospective purchaser because his attorneys thought them illegal. It is conceded that this was not known to the plaintiff, as it was not included in a transcript of the proceedings relating to the bonds furnished at its request. In the case of Hughes County v. Livingston, supra, the court pointed out the fallacy of the argument here urged by the defendant. In my opinion the reasons of public policy there stated are determinative in the present controversy. I think it is clear that the plaintiff was a bona fide purchaser in the normal course of business who exercised reasonable prudence and diligence and should not be penalized because of the existence of a notation of which he had no knowledge.

It is my opinion that the defendant is estopped to set up the defense here advanced and judgment must be rendered for the plaintiff. Orders may be drawn in conformity with this opinion.