**PULASKI COUNTY, KY., et al. v. EICHSTAEDT.**

No. 8093.

Circuit Court of Appeals, Sixth Circuit.
March 8, 1940.

R. C. Tartar, of Somerset, Ky. (R. C. Tartar, W. R. Jones, and L. S. Hail, all of Somerset, Ky., on the brief), for appellants.

S. D. Rouse, of Covington, Ky. (Rouse, Price & Adams, of Covington, Ky., on the brief), for appellee.

Before HICKS, SIMONS and ALLEN, Circuit Judges.

HICKS, Circuit Judge.

At an election held August 4, 1928, the voters of Pulaski County, Ky., authorized the issuance of $300,000 of bonds for the purpose of constructing roads and bridges, and on August 7, 1930, the Fiscal Court, purporting to comply with Sec. 157a of the Constitution of Kentucky and Sec. 4307 of Carroll's Kentucky Statutes of 1922, sold $280,000 of these bonds to Caldwell & Company. In October, 1932, appellee, Eichstaedt, purchased $40,000 of these bonds from Kent Grace & Company in due course for value, before maturity, and without notice of any frailty or defect in the title. The county defaulted in the payment of the interest coupons and on April 12, 1934, the Fiscal Court adopted a resolution which directed the Treasurer not to pay any further interest until further orders. The position of the county was that the sale of the bonds to Caldwell & Company was without consideration; that it was a part of the contract of sale that the funds representing the purchase price should be left with Caldwell & Company who would place the bonds as security with the Bank of Tennessee, with the right of Caldwell & Company to withdraw bonds from time to time, provided collateral security of equal value would be substituted; that the Bank of Tennessee was simply an instrumentality of Caldwell & Company and that through it Caldwell & Company withdrew the bonds and substituted insufficient collateral and that this constituted a fraud upon appellant which justified the resolution of April 12, 1934.

Appellee brought this bill to have the resolution declared void and to recover upon his matured interest coupons.

The bonds show on their face that they were issued under the authority of Sec. 157a of the Kentucky Constitution and Sec. 4307 of Carroll's Kentucky Statutes and the county insists that they were not negotiable because by virtue of Sec. 157a they were to be paid, principal and interest, out of a 20 cent tax levy on each $100 of the assessed property valuation of the county.

We think otherwise. The bonds upon their faces are the unconditional obligations of the county and its full faith, credit and resources are irrevocably pledged for their prompt payment, both principal and interest. Their negotiability is not affected by the indication that they were to be paid out of the fund derived from the 20 cent tax levy. See Kentucky Statutes, Secs. 3720b-184 and 3720b-3; also Commissioners of Cleveland County v. Citizens' Nat. Bank, 157 N.C. 191, 72 S.E. 996.

Next, it is urged that the bond issue was invalid because the 20 cent tax levy authorized by Sec. 157a of the Constitution was insufficient to pay the accrued interest and the bonds as they matured. We need not determine as a matter of fact whether the 20 cent levy was sufficient because the Fiscal Court in its order relative to the issuance of the bonds declared that it was sufficient to pay the interest and to create a sinking fund for the payment of the principal at maturity and the records of the court are not subject to impeachment or contradiction in this proceeding. Fox v. Lantrip, 169 Ky. 759, 765, 183 S.W. 469. Moreover, each of the bonds carried upon its face the following certificate:

"And it is hereby certified and recited, that all conditions, things and acts required by law to exist, to be or to be done precedent to and in the issuance of this bond, have been, have existed and have been performed in due form and time; that the indebtedness of said County, including this bond, does not exceed any limitation imposed by law; *and that provision has been made for the collection of an annual tax sufficient to pay the interest on this bond and to create a sinking fund for the payment of the principal as the same becomes due.*" (Italics ours.)

Appellee parted with his money in reliance upon this certificate and we concur in the holding of the District Judge that appellant is bound thereby. Gunnison County v. Rollins, 173 U.S. 255, 19 S.Ct. 390, 43 L.Ed. 689; Henderson County v. Sov. Camp W. O. W., 6 Cir., 12 F.2d 883; First Trust Co. of St. Paul v. County Board of Education, 6 Cir., 78 F.2d 114, 118; Royal Oak Drain Dist. v. Keefe, 6 Cir., 87 F.2d 786, 790. We are not dealing with the question whether the bonds were constitutionally or legally authorized but with the simple question whether the procedure necessary to their issuance was properly carried out. Upon this question we think appellant is estopped by its certificate. We are cited to no decision of the Kentucky Court of Appeals to the contrary.

We are not required to determine whether Caldwell & Company were guilty of fraud which affected the rights of appellant. Such fraud, if it existed, was not a defense to the bonds in the hands of appellee, an innocent holder.

The decree adjudging a recovery for accrued interest and declaring the resolution of April 12, 1934, invalid, is affirmed.