LeWright Browning, of Ashland, Ky., and Squire, Sanders & Dempsey, of Cleveland, Ohio, for plaintiff.

R. J. Wade, of Carrollton, Ky., for defendants.

## WOMEN'S CATHOLIC ORDER OF FORESTERS v. CARROLL COUNTY et al.

### No. 9.

District Court, E. D. Kentucky.

Aug. 16, 1940.

FORD, District Judge.

In 1928, purporting to act in the exercise of the power and authority conferred by sections 157, 158 and 159 of the Constitution of Kentucky and sections 1857, 1858 and 1859 of the Kentucky Statutes, the Fiscal Court of Carroll County issued and sold seventy (70) negotiable road and bridge funding bonds of $1,000 each. The purpose of this bond issue, aggregating $70,000, was to fund, at a reduced rate of interest, a like amount of outstanding warrants which evidenced debts theretofore incurred by the county for the construction, repair and maintenance of its public roads and bridges. The plaintiff is the holder and owner of twenty-three (23) of these bonds.

In 1939, the plaintiff filed an action in this Court against the defendants for the recovery of certain of its bonds of this

issue which were then past due and unpaid and for the past due interest on all of them, including those unmatured as to principal. The defendants failed to make any defense to the action, and on May 16, 1939, a default judgment was rendered in favor of the plaintiff in accordance with the prayer of the complaint.

The judgment was not satisfied and on May 20, 1940, the plaintiff instituted this ancillary proceeding on behalf of itself and all other holders of the bonds of this issue for an appropriate order commanding and directing the defendants to levy, assess and collect a tax and create a sinking fund for the payment of the principal and interest of the bonds. The only defense asserted to this ancillary proceeding is, in substance, that a substantial amount of the floating indebtedness of the county which was funded by this bond issue was in excess of that which the county was lawfully authorized to incur and to that extent the indebtedness was unlawful and unenforceable against the county and the bonds issued to fund the same are likewise void and unenforceable.

The plaintiff filed a motion for summary judgment and in support thereof, by stipulation of the parties, a transcript of the proceedings by the Fiscal Court of the county was filed showing that the resolution, pursuant to which the bonds were issued, recited, in substance, that the floating indebtedness of $70,000 represented indebtedness of the county lawfully incurred for the construction, maintenance and repair of its roads and bridges during the years 1908 to 1927, inclusive, and which remained unpaid by reason of deficiencies in the revenue of the county due to delinquencies and losses during those years but for which the revenues accruing to the county under the annual levies would have been sufficient to have paid the same, and that the warrants evidencing the indebtedness were duly and lawfully issued by the proper county officials; and authorizing a certificate on the face of each of the bonds, stating: "that all acts, conditions and things required by the Constitution and Laws of the Commonwealth of Kentucky to exist, be done, to have happened or be performed, precedent to and in the issuance of this bond, exist, have been done, have happened and been performed in regular form, time and manner as required by Law; and that the total indebtedness of the said Carroll County, Kentucky, including this bond and the series of which this is a part, does not exceed any limitation prescribed by the Constitution and Statutes of Kentucky * * *."

Even if it be true that the judgment entered in the original action (County Debt Comm. v. Morgan County, 279 Ky. 476, 130 S.W.2d 779) conclusively established the validity and enforceability of the bonds held by the plaintiff, since the plaintiff has been authorized to maintain this proceeding on behalf of all other holders of bonds of the same issue, it is necessary, in passing on the motion for summary judgment, to dispose of the question of the sufficiency and availability of the facts set up in the answer as a defense to the relief sought.

■ The defense asserted is in direct contradiction of the recitals made by the Fiscal Court in its resolution authorizing the issuance of the bonds and seeks to repudiate the certificate incorporated in each of them. It does not rest upon the claim of total lack of power in the county, under any and all circumstances, to issue funding bonds of the character here involved, but rests upon claimed lack of power resulting from the absence of precedent facts which conditioned its exercise. The distinction between a defense based upon total lack of power and one based merely upon the absence of precedent facts or conditions upon which the exercise of a conferred power depended, has been so frequently stated that it is no longer open to question in this jurisdiction. At the time these bonds were issued, the Fiscal Court of the County, having jurisdiction to "regulate and control the fiscal affairs" of the county (Sections 1840 and 4281u-1 to 4281u-4, inclusive, Kentucky Statutes), was clothed with authority and charged with the duty of determining whether there had been a fulfillment of the precedent conditions essential to the lawful exercise of the power conferred by the Statutes and the Constitution. The recital in the resolution and on the face of the bonds was a determination of these matters, upon which innocent purchasers had the right to rely and, as against such holders in due course and for value, the defendants are precluded from asserting the contrary as a defense to the payment of the bonds.

This rule has been established by a long line of decisions, two of the most recent

142

being from this Court, affirmed by the Circuit Court of Appeals of the Sixth Circuit during the present year. Pulaski County v. Eichstaedt, 6 Cir., 110 F.2d 79; Woodmen of the World v. Rowan County, D.C., 23 F.Supp. 903. A thorough discussion of the equitable principles upon which the rule rests may be found in Board of Com'rs of Gunnison County v. E. H. Rollins & Sons, 173 U.S. 255, 19 S.Ct. 390, 43 L.Ed. 689; Henderson County v. Sovereign Camp, W.O.W., 6 Cir., 12 F.2d 883; First Trust Co. of St. Paul v. Board of Education of Whitley County, 6 ·Cir., 78 F.2d 114; Royal Oak Drain Dist. v. Keefe, 6 Cir., 87 F.2d 786. These decisions seem to definitely foreclose further controversy upon the point.

■ To avoid the effect of this rule, the defendant invokes the provisions of Chapter 133 of the Acts of the General Assembly of Kentucky of 1934 (Kentucky Statutes, § 1649c-1), which provides: "That no conduct, statement or representation by any officer or officers of any county, municipality, or taxing district in this Commonwealth, shall be received as evidence against or serve to estop such county, municipality or taxing district from contesting the legality of any tax or indebtedness authorized or created by such county, municipality or taxing district in excess of the constitutional or legal limits relating thereto." This Statute was passed more than five years after the issuance and sale of the bonds here involved. It clearly extends far beyond the realm of remedy and into the field of right. To apply it retroactively to rights acquired under contracts made before its enactment would raise a serious question as to its constitutional validity under the provisions of both the State and Federal Constitution which inhibit the enactment by a State of a law impairing the obligations of contracts. McGahey v. Virginia, 135 U.S. 662, 685, 693, 694, 10 S.Ct. 972, 34 L.Ed. 304.

■ There is nothing in the Act indicating that the Legislature intended to make it retroactive in effect. In the absence of an express command or unavoidable implication, the presumption prevails that Statutes are intended to operate prospectively only. Dunlap v. Littell, 200 Ky. 595, 255 S.W. 280; American Oak Leather Co. v. Cleveland, C., C. & St. L. R. Co., 216 Ky. 611, 288 S.W. 347; Shanks v.

Board of Education, 221 Ky. 470, 298 S. W. 1111.

I am of the opinion that the Statute relied upon is not applicable to abridge the remedies or to impair any of the rights of holders of bonds issued before its enactment, and hence is not applicable here. The same question was presented and the same ruling was made by this Court in the Pulaski County case, supra.

It being undisputed that the plaintiff is an innocent holder in due course and for value, the defense asserted as against it and other bondholders similarly situated is not available to the defendants. The motion for summary judgment should, therefore, be sustained.

Let appropriate orders in conformity herewith be submitted for entry.